IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WALTER GUYTON, #67349**                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.  3:13-cv-221-CWR-LRA**

**OTTOWA E. CARTER, JR.**                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal of this cause. Plaintiff, an inmate at the South Mississippi Correctional Institution, Leakesville, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983.  The only named defendant is Ottowa E. Carter, Jr., an attorney who represented Plaintiff in a criminal matter.  Plaintiff seeks as relief monetary damages and that he be released from incarceration.

**I.      Background**

Plaintiff claims that Defendant Carter was ineffective in representing him in a criminal matter.  Compl. [1] at 4.  Specifically, Plaintiff argues that Defendant Carter misled him. *Id*.  As a result, Plaintiff states that he is suffering as well as his family. *Id*. at 5.

**II.     Analysis**

The Prison Litigation Reform Act,  28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.  As discussed below, Plaintiff's § 1983 action is frivolous and fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right "secured by the Constitution and the laws" of the United States and that the person depriving plaintiff of this right acted "under color of any statute" of the State. *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).

It is clear that the Defendant was not a state actor under these allegations.[1] The mere fact that defendant Carter is an attorney who represented plaintiff does not establish that he was a state actor. *Polk County v. Dodson*, 454 U.S. 312, 319 n.9, 325 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996)(deciding that private attorneys and appointed attorneys do not qualify as state actors and generally are not subject to a § 1983 civil action).[2] Plaintiff's § 1983 claims against Defendant Carter are frivolous.

Even if the Defendant under the allegations of the instant complaint could be considered a state actor, it is clear that Plaintiff cannot maintain this action. Plaintiff alleges that his right to effective assistance of counsel was violated. If these allegations are proven to be true, Plaintiff could receive relief on his claim of ineffective assistance of counsel. *See Schaetzle v. Cockrell*, 343 F.3d 440 (5th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)(interpreting Sixth Amendment right to counsel)).

---

[1]If a private attorney has conspired with a state actor to deprive a person of his constitutional rights, then the private attorney may be held liable pursuant to 42 U.S.C. § 1983. *See Addicks v. Kress & Co.*, 398 U.S. 144, 152 (1970). Even though this Court is required to liberally construe *pro se* pleadings, the instant complaint does not contain any such allegations to establish that the defendant was a state actor. *See McFadden v. Lucas*, 713 F.2d 143, 147 n. 4 (5th Cir.), *cert. denied*, 464 U.S. 998 (1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977) (holding that the district court cannot construe unpled facts.)).

[2]The allegation of ineffective assistance of counsel is habeas in nature. As such, Plaintiff is required to exhaust his available state remedies before he will be allowed to seek federal habeas relief. 28 U.S.C. § 2254 (b)(1)(A) & (c). More specifically, he must present his claims to the state courts in such fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Connor*, 404 U.S. 270 (1977).

The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction and sentence is cognizable under 42 U.S.C. § 1983. The United States Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 2372 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

The Court must evaluate the claims raised by plaintiff in his § 1983 petition "to determine whether they challenge the constitutionality of his conviction or sentence." *Boyd*, 31 F.3d at 283. After considering the complaint, the Court concludes that if a judgment was rendered in favor of Plaintiff, the validity of his conviction would necessarily be implicated. Plaintiff basically asserts that he was subjected to ineffective assistance of counsel. Clearly, a judgment in his favor on the claims asserted in his complaint would necessarily call into question the validity of the conviction. Since this § 1983 action calls into question the validity of Plaintiff's conviction and because Plaintiff has failed to demonstrate that his conviction has been invalidated, this Court finds that Plaintiff's complaint should be dismissed with prejudice to such claims being asserted again when the *Heck*

3

conditions are met for failure to state a claim upon which relief can be granted. *Deleon v. City of Corpus Christi*, 488 F.3d 649, 654-56 (5th Cir. 2007)(citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

### III. Conclusion

Based on the foregoing reasons, Plaintiff's claims will be dismissed as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### IV. Three-strikes provision

Since the claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), this dismissal will be counted as a "strike". 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue.

This the 10th day of May, 2013.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE